C.R.G., a/k/a C.R.M., Appellant,

v.

CABINET FOR HEALTH AND FAMILY SERVICES, Commonwealth of Kentucky; S.M.L.M., A Child; and K.A.S.G., A Child, Appellees.

and

M.M., Father, Appellant,

v.

Cabinet for Health and Family Services, Commonwealth of Kentucky; S.M.L.M., A Child; K.S.G., A Child and C.R.G., a/k/a C.R.M., Mother, Appellees.

Nos. 2009–CA–000276–ME, 2009–CA–000294–ME.

Court of Appeals of Kentucky.

Oct. 30, 2009.

Rene Heinrich, Newport, KY, for appellant, C.R.G., a/k/a C.R.M.

Karen Hoskins Ginn, Ft. Mitchell, KY, for appellant, M.M., Father.

Cynthia Kloeker, Covington, KY, for appellee, Cabinet for Health and Family Services.

Before STUMBO, THOMPSON and WINE, Judges.

*OPINION*

THOMPSON, Judge.

C.R.G. a/k/a C.R.M. (mother) and M.M. (father) appeal an order of the Kenton Family Court terminating their parental rights to their minor children. The parents' counsel filed briefs in which they state they were unable to find error which would entitle the parents to relief and requested this Court to review the record for prejudicial error pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh'g denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d. 1377 (1967).

An *Anders* brief supplements a motion to withdraw filed after counsel has conscientiously reviewed the record and found the appeal to be frivolous. In *Anders,* the court outlined the proper procedure to be followed as follows:

> A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744, 87 S.Ct. at 1400. The Supreme Court referred only to criminal cases to which the Sixth Amendment right to counsel applies and did not extend its decision to civil cases. A review of the case law reveals that the states have not reached a uniform decision as to whether *Anders* is applicable to termination of parental rights cases. However, the majority of states that have addressed the scope of *Anders* have held it applicable to termination of parental rights appeals on the basis of the right to counsel under their own state laws. *See In re N.B.,* 183 N.C.App. 114, 644 S.E.2d 22 (2007) (discussing the view that an *Anders* brief may be filed in termination of parental rights appeals).

The issue of the applicability of *Anders* has not been brought to the attention of this Court by the parties and, because the briefs filed are not accompanied by motions to withdraw, we decline to consider them as *Anders* briefs and to address whether *Anders* may be invoked in a termination of parental rights case. Instead, we have thoroughly reviewed the record and conclude that the family court's findings are supported by clear and convincing evidence. Therefore, we affirm the order terminating the parents' parental rights.

In 2001, the father was charged with domestic violence for physically assaulting the mother. He eventually pled guilty to fourth-degree assault. At that time, the mother was engaging in "drug seeking" behavior by attempting to obtain prescription drugs from various emergency rooms. In early 2004, she began psychological treatment and was diagnosed with bipolar disorder and seizure disorder and later was hospitalized for probable schizophrenia. Drug testing revealed that her system contained analgesics, tranquilizers, and marijuana.

Because of continued domestic violence, a dependency, neglect, and abuse petition was filed in February 2005, and the children were removed in March 2005. Court-ordered drug testing of the father revealed the presence of marijuana and cocaine. The mother was again hospitalized for depression, marijuana dependency, post-traumatic stress disorder, alcohol abuse, and

physical injuries caused by domestic violence.

Family placement was made for the children; however, S.M. had to be removed because she was uncontrollable. Subsequently, S.M. reported that her father, mother, and uncles had sexually abused her and, during therapy, revealed that she had witnessed her mother ingest drugs. Because of her post-traumatic stress disorder, S.M. was prescribed various medications. She has shown a strong reluctance to contact with the father and hides when he visits. Experts agreed that under no circumstances should she be returned to the mother's or father's custody.

K.G. was determined to be a high suicide risk. She was diagnosed with an adjustment disorder with mixed disturbance of conduct and emotions.

The record reveals that the parents did little to resolve their drug dependency and domestic violence issues. Although plans for reunification were offered by the Cabinet, neither parent completed the program.

■ Following a hearing, the mother's and father's parental rights were terminated. The family court found that there was clear and convincing evidence that the children were abused and neglected as defined by KRS 600.020(1) and pursuant to KRS 625.090, that termination was appropriate for the following reasons: (a) for a period of not less than six months the parents have continuously or have been substantially incapable of providing essential care and protection for the children and there is no reasonable expectation of improvement in parental care and protection, considering the age of the children; (b) the parents had repeatedly inflicted or allowed to be inflicted upon the children emotional

and physical injury; (c) for reasons other than poverty alone, the parents have continuously or repeatedly failed to provide or are incapable of providing essential food, clothing, shelter, medical care or education reasonably necessary and available for the children's well-being and that there is no reasonable expectation of significant improvement in the parents' conduct in the immediately foreseeable future, considering the age of the children; and (d) the parents failed to protect and preserve the children's fundamental right to a safe and nurturing home. The family court further found that the parents failed to make sufficient progress toward identified goals as set forth in the court-approved case plan which would have allowed for the children's safe return. Finally, it found that the children's physical and mental conditions had improved since entering foster care and that termination of parental rights was in the children's best interests. KRS 625.090(3).

■ The trial court has broad discretion in determining whether a child fits within the abused or neglected category and whether the abuse or neglect warrants termination. *Department for Human Resources v. Moore*, 552 S.W.2d 672, 675 (Ky.App.1977). This Court's standard of review in a termination of parental rights action is confined to the clearly erroneous standard in CR 52.01, based on clear and convincing evidence. *V.S. v. Commonwealth, Cabinet for Human Resources*, 706 S.W.2d 420, 424 (Ky.App.1986). However, the clear and convincing proof does not necessarily mean uncontradicted proof. It requires that there be proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinary prudent-minded people. *Rowland v. Holt*, 253 Ky. 718, 70 S.W.2d 5, 9 (1934).

After reviewing the record, we conclude that clear and convincing evidence existed to support the trial court's finding that the children were abused and neglected and that termination of the mother's and father's parental rights was in the children's best interests. The order of the Kenton Family Court is affirmed.

ALL CONCUR.