**v.**

**COMMONWEALTH of Kentucky, Cabinet for Health and Family Services; and D.C., a Child, Appellees.**

No. 2010–CA–002088–ME.

Court of Appeals of Kentucky.

Aug. 12, 2011.

Matthew S. Goeing, Winchester, KY, for appellant.

Christopher M. Davis, Assistant Clark County Attorney, Winchester, KY, for Appellee.

Before DIXON, KELLER and VANMETER, Judges.

*OPINION*

DIXON, Judge:

M.C. (Mother) appeals an order of the Clark Circuit Court, Family Division, finding educational neglect of her child, D.C. (Child). After careful review, we affirm.

In April 2010, a dependency, neglect, and abuse petition was filed in Clark Circuit Court against Mother alleging Child, a fourth grader, had twelve unexcused tardies and more than three unexcused absences during the school year. On September 30, 2010, an adjudication hearing was held where the Commonwealth presented the testimony and records of the school attendance clerk. The attendance records showed Child had been absent thirty days and had been tardy sixteen days during the 2009–10 school year. Nine of Child's absences were unexcused and twelve tardies were unexcused. The clerk also testified regarding Child's final grades for the school year, which were Bs

and Cs. At a subsequent hearing, the court heard testimony from Mother, who acknowledged Child's tardiness and absenteeism. Mother explained that she was the caregiver for her elderly parents and that her responsibilities sometimes prevented her from taking Child to school. Mother stated that she assisted Child with homework and she felt Child did well in school. Mother conceded that classroom participation was an important part of the learning process.

The trial court found that Mother had neglected child's education and decided to follow the recommendations outlined in the Cabinet's disposition report. The report recommended that Mother ensure Child attended school daily and that Mother would pay $21.80 per day for each future unexcused absence. The report also noted the court could utilize its contempt power if Mother failed to follow the recommendations outlined by the Cabinet. Mother agreed to the recommendations and does not contest them in this appeal. The sole issue presented on appeal is whether the court correctly determined that Mother neglected Child's educational needs.

■ Pursuant to KRS 620.100(3), the Commonwealth, as the complaining party, bears the burden of proof, "and a determination of dependency, neglect, and abuse shall be made by a preponderance of the evidence." Here, the trial court based its finding of neglect on KRS 600.020(1)(h), which provides that a parent neglects a child if the child's health or welfare is harmed or threatened with harm because the parent "[d]oes not provide the child with adequate ... education ... necessary for the child's well-being."

The trial court noted on the record that Mother admitted Child's absences and tardies exceeded the limit allowed by the school. The court acknowledged Mother's testimony that she was a caregiver for her elderly parents, but the court emphasized

Mother's responsibility as a parent involved ensuring Child attended school each day. At the conclusion of the hearing, counsel for Mother requested a specific finding as to harm suffered by Child. The court determined that, while there was no evidence of actual harm to Child, the excessive tardies and absences constituted educational neglect.

Mother argues the Commonwealth failed to satisfy its burden of proof because it failed to introduce evidence that Child suffered actual harm as a result of Mother's conduct. Mother points out that Child earned Bs and Cs, thus proving Child received an adequate education necessary for Child's well-being. Mother cites a termination of parental rights case, *V.S. v. Commonwealth, Cabinet for Health and Family Services*, 194 S.W.3d 331 (Ky.App.2006), for the proposition that the Commonwealth must establish actual harm to the child correlated to conduct by the parent. The Commonwealth asserts that Mother's interpretation of *V.S.* is inaccurate, as KRS 600.020(1) plainly provides that neglect occurs if the child's welfare is "harmed or threatened with harm." Accordingly, the Commonwealth contends that the evidence established that Mother's repeated failure to ensure Child attended school threatened the welfare of Child by denying Child access to classroom instruction. To support its interpretation of the statute, the Commonwealth points to *Z.T. v. M.T.*, 258 S.W.3d 31, 36 (Ky.App.2008), where a panel of this Court concluded that the statute permits a finding of neglect if the parent's conduct creates a risk of harm to the child.

■ We are mindful that the trial court has broad discretion in its determination of whether a child is neglected. *Department for Human Resources v. Moore*, 552 S.W.2d 672, 675 (Ky.App.1977). On appeal, we may not reverse the trial court unless its decision was clearly erroneous.

*C.R.G. v. Cabinet for Health and Family Services,* 297 S.W.3d 914, 916 (Ky.App. 2009).

One of the legislative purposes of the dependency, neglect, and abuse statutes is to protect a child's fundamental right to educational instruction. KRS 620.010. In *Brown v. Board of Education,* 347 U.S. 483, 493, 74 S.Ct. 686, 98 L.Ed. 873 (1954), the United States Supreme Court observed the vital role education plays in a child's life:

> Today, education is perhaps the most important function of state and local governments. Compulsory school attendance laws and the great expenditures for education both demonstrate our recognition of the importance of education to our democratic society. It is required in the performance of our most basic public responsibilities, even service in the armed forces. It is the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment.

In the case at bar, the facts and evidence permitted an inference that, by incurring thirty absences and sixteen tardies, Child was unable to benefit from the instruction, structure, and socialization provided in a classroom setting. Despite Mother's argument to the contrary, we are not persuaded that "good" grades precluded a finding of educational neglect in this case; rather, we conclude that providing an adequate education for a child's well-being necessarily requires a parent to ensure the child attends school each day to participate in educational instruction. Here, Mother's repeated inability to ensure Child attended school each day presented a threat of harm to Child's welfare by denying Child the right to educational instruction.

After careful review, we conclude the trial court's finding of educational neglect is supported by substantial evidence; accordingly, we affirm.

For the reasons stated herein, the order of the Clark Circuit Court is affirmed.

ALL CONCUR.