ARROWOOD, Judge.
Respondents appeal from an order terminating their parental rights to their minor child M.R.C-M. ("Michelle").[1] We affirm.
I. Background
Michelle was born in July 2015. On 29 July 2015, the Guilford County Department of Health and Human Services ("DHHS") filed a juvenile petition alleging that Michelle was a neglected and dependent juvenile. The petition stated as follows. Respondent-mother was diagnosed with schizophrenia, bipolar disorder, post-traumatic stress disorder, and autism, and previously relinquished her parental rights to another child in part because her mental illnesses rendered her unable to care for the child. Respondent-father was diagnosed with schizoaffective disorder. Neither respondent-mother nor respondent-father were taking medication or participating in treatment to address their mental health issues. DHHS also expressed concern at respondents' lack of stable housing, as respondent-father informed DHHS that he and respondent-mother were temporarily living with his adult son in Greensboro. DHHS obtained nonsecure custody of Michelle the same day it filed the petition.
Respondents entered into case plans with DHHS that required them to, among other things, engage in mental health treatment and take medications as prescribed, obtain and maintain stable housing, participate in parenting classes and demonstrate parenting skills during visits with Michelle, and submit to substance abuse assessments and follow all recommendations. The trial court held an adjudicatory and dispositional hearing on 21 October 2015, after which the court entered an order on 19 November 2015 adjudicating Michelle to be dependent and ordering respondents to comply with their case plans.
Following a permanency planning hearing on 4 May 2016, the trial court entered an order on 26 May 2016 that established a primary permanent plan of reunification with a secondary plan of adoption. The trial court held a subsequent permanency planning hearing on 16 December 2016, after which the court entered a 13 January 2017 order changing the primary permanent plan to adoption with a secondary plan of reunification.
On 14 March 2017, DHHS filed a petition to terminate respondents' parental rights, alleging as grounds: (1) neglect; and (2) willfully leaving the juvenile in foster care without making reasonable progress to correct the conditions leading to the juvenile's removal from the home. See N.C. Gen. Stat. § 7B-1111(a)(1)-(2) (2017). The petition further alleged that grounds existed to terminate respondent-father's parental rights for willful failure to pay a reasonable portion of the cost of the juvenile's care, see N.C. Gen. Stat. § 7B-1111(a)(3), and that grounds existed to terminate respondent-mother's parental rights for dependency, see N.C. Gen. Stat. § 7B-1111(a)(6).
Following a hearing on the petition, the trial court entered a 12 June 2018 order terminating respondents' parental rights after adjudicating the existence of each ground alleged in the petition.
Respondents appeal.
II. Discussion
Counsel for each respondent has filed a "no-merit" brief on their client's behalf in which each state that, after a conscientious and thorough review of the record on appeal and transcripts, they were unable to identify any issue of merit on which to base an argument for relief. Pursuant to Rule 3.1(e) of the North Carolina Rules of Appellate Procedure, they request that this Court conduct an independent examination of the case. N.C.R. App. P. 3.1(e) (2019).[2]
In accordance with Appellate Rule 3.1(e), counsel for each respondent wrote their client a letter advising them of: (1) counsel's inability to find error; (2) counsel's request for this Court to conduct an independent review of the record; and (3) respondents' rights to file their own arguments directly with this Court while the appeal is pending. Counsel for each respondent attached to the letter a copy of the record, transcript, and counsel's no-merit brief. Neither respondent has submitted written arguments on their own behalf and a reasonable period of time to have done so has passed.
This court recently found itself "divided over whether we must conduct an independent review in" cases filed pursuant to Appellate Rule 3.1(e). In re I.B. , --- N.C. App. ----, ----, 822 S.E.2d 472, ----, 2018 WL 6052722 at *1 (2018). On 3 July 2018, this court filed an opinion dismissing a no-merit termination of parental rights appeal because the "Respondent did not exercise her right under Rule 3.1(d) to file a pro se brief" and "[n]o issues ha[d] been argued or preserved for review in accordance with our Rules of Appellate Procedure." In re L.V. , --- N.C. App. ----, ----, 814 S.E.2d 928, 929 (2018).
On 2 October 2018, a divided panel of our Court again considered whether we must conduct an independent review in cases filed pursuant to Appellate Rule 3.1(e), and issued three opinions. See In re L.E.M. , --- N.C. App. ----, 820 S.E.2d 577 (2018). The In re L.E.M. majority dismissed the appeal, holding it was bound by In re L.V. Id. at ----, 830 S.E.2d at 579. The concurring opinion found In re L.V. to be a "shift in our precedent[,]" but also concluded In re Civil Penalty , 324 N.C. 373, 379 S.E.2d 30 (1989) required the court to dismiss the appeal pursuant to In re L.V. , --- N.C. App. ----, 814 S.E.2d 928 (2018). Id. The dissenting opinion concluded In re L.V. conflicted with prior settled law and prior opinions remained controlling. Id. at ----, 820 S.E.2d at 581. In re L.E.M. was appealed to the Supreme Court based on the dissenting opinion.
Subsequently, our Court filed In re I.B. , --- N.C. App. ----, 822 S.E.2d 472, 2018 WL 6052722 (2018). Under In re Civil Penalty , we follow the legal analysis set forth therein, which held an independent review of the record is not required under Rule 3.1(e). In re I.B. , --- N.C. App. at ----, 822 S.E.2d at ----, 2018 WL 6052722 at *4. However, "holding that an independent review is not required does not mean we cannot conduct one."Id . Therefore, in our discretion, we conduct an independent review of the record.
After careful review of the transcript and record, we are unable to find any prejudicial error in the trial court's 12 June 2018 order terminating respondents' parental rights. The termination order contains sufficient findings of fact supported by clear, cogent, and convincing evidence to support the conclusion that respondent-father willfully left Michelle in a placement outside the home for more than twelve months without making reasonable progress toward correcting the conditions that led to Michelle's removal. The trial court's findings demonstrate that respondent-father did not substantially comply with his case plan. Respondent-father ceased complying with mental health treatment in October 2017, and he was living in a homeless shelter at the beginning of the hearing on the petition to terminate parental rights. Respondent-father did not visit with Michelle after September 2017, and had no contact with DHHS after October 2017.
The termination order contains sufficient findings of fact supported by clear, cogent, and convincing evidence to support the conclusion that dependency existed as a ground to terminate respondent-mother's parental rights to Michelle. Respondent-mother had been diagnosed with schizophrenia, bipolar disorder, autism, post-traumatic stress disorder, mood disorder with psychotic features, Asperger's Syndrome, a learning disorder, and intellectual disability. Respondent-mother had an extensive history of psychiatric hospitalizations, and DHHS could not verify that she was taking her medications on a regular basis. At one point in the termination hearing, respondent-mother testified that she was not stable enough to take care of Michelle, only to testify later in the hearing that she was stable enough. The trial court found that respondent-mother was not able to care for Michelle as a result of "her significant and substantial mental health issues[,]" and that respondent-mother lacked an alternative child care arrangement.
Finally, the trial court made appropriate findings in determining that the termination of respondents' parental rights was in Michelle's best interests. See N.C. Gen. Stat. § 7B-1110(a) (2017). As a result, we affirm the trial court's order terminating respondents' parental rights to Michelle.
AFFIRMED.
Report per Rule 30(e).
Judges BRYANT and DIETZ concur.

A pseudonym is used to protect the identity of the juvenile and for ease of reading.

The North Carolina Supreme Court amended Rule 3.1 of the North Carolina Rules of Civil Procedure so that no-merit briefs filed in termination of parental rights cases now fall under Rule 3.1(e) instead of Rule 3.1(d). This change became effective on 1 January 2019.